

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-17-00173-CR

TROY MICHAEL ROBINO, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 45775-B

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Burgess

## MEMORANDUM OPINION

Troy Michael Robino was convicted in this case of possession of a controlled substance in Penalty Group 1 (methamphetamine) in an amount of less than one gram[1] and assessed punishment of twenty month's confinement in the Texas Department of Criminal Justice. This case was tried with a companion case, which is the subject of another appeal pending before this Court.[2] Robino filed a single, consolidated brief covering both appeals, in which he contends (1) that the trial court erred in denying his motion to suppress and (2) that the trial court erred in assessing court costs in this case.

The argument raised in Robino's first issue is based exclusively on the argument brought before this Court in the companion appeal styled *Robino v. State*, cause number 06-17-00172-CR. In our opinion of this date disposing of that appeal, we found that the trial court did not abuse its discretion in denying Robino's motion to suppress. For the reasons set out in that opinion, we overrule Robino's first issue as it applies to this appeal.

In his second issue, Robino complains that the trial court erred in assessing court costs in this case. Robino contends that, when a defendant is convicted of two or more offenses in a single criminal action, the trial court may only assess costs in the highest category of offense based on the defendant's conviction. *See* TEX. CODE CRIM. PROC. ANN. art. 102.073(a), (b) (West Supp. 2017). Robino contends that the trial court assessed court costs in both this case, and in his

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (b) (West 2017).

[2] In his companion cause number 06-17-00172-CR, Robino appeals from his conviction for forgery, which is addressed in a separate opinion released the same date as this opinion.

conviction for forgery, which is the highest category of offense based on his convictions. Since these cases were tried in a single criminal action, Robino contends that the trial court erred in assessing court costs in this case. However, the trial court's judgment in this case has an entry of "N/A" under the heading for "Court Costs." Since no court costs were assessed by the trial court in this case, Robino's complaint is without merit. We overrule Robino's second issue.

For the reasons stated, we affirm the judgment of the trial court.


Ralph K. Burgess
Justice

Date Submitted:     April 9, 2018
Date Decided:       April 10, 2018

Do Not Publish